## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **LESTER FIRSTENBERGER** | : | |
| | : | |
| **SATHYA RAJAVELU** | : | **CIVIL ACTION NO. 20-7169** |
| | : | |
| **Plaintiffs,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **v.** | : | |
| | : | |
| **CASTERS HOLDINGS, INC D/B/A FYLLO** | : | |
| | : | |
| **REGS TECHNOLOGY, INC. F/K/A** | : | |
| **CANNAREGS, LTD.** | : | |
| | : | |
| **AMANDA OSTROWITZ** | : | |
| | : | |
| **PHYTO II, LP** | : | |
| | : | |
| **PANTHER OPPORTUNITY FUND, LLC** | : | |
| | : | |
| **LARRY SCHNURMACHER** | : | |
| | : | |
| **DAVID FRIEDMAN** | : | |
| | : | |
| **RAMIE A. TRITT, M.D.** | : | |
| | : | |
| **JORDAN TRITT** | : | |
| | : | |
| **Defendants.** | : | |

## <u>COMPLAINT</u>

Plaintiffs Lester Firstenberger ("Firstenberger") and Sathya Rajavelu ("Rajavelu", collectively, "Plaintiffs"), by and through their undersigned counsel, Robert Brookman, Esquire and the Brookman Law Group LLC, hereby bring this Complaint against Casters Holdings, Inc. d/b/a Fyllo ("Fyllo"), Regs Technology, Inc. f/k/a CannaRegs, Ltd. ("Regs Technology" and the "Company"), Amanda Ostrowitz ("Ostrowitz"), Phyto II, LP ("Phyto"), Panther Opportunity

Fund, LLC ("Panther"), Larry Schnurmacher ("Schnurmacher"), David Friedman ("Friedman"),
Ramie A. Tritt ("Ramie") and Jordan Tritt ("Jordan", collectively, "Defendants") and, in support
thereof, aver as follows:

## SUMMARY

1.      This is a securities fraud case involving the fraudulent concealment of
information material to a securities transaction.  Specifically, Plaintiffs possessed a minority
interest in Regs Technology, a privately held corporation in the cannabis industry.  In or around
September of 2019, through a transaction orchestrated by the Chief Executive Officer of Regs
Technology, Ostrowitz, Plaintiffs sold the entirety of their ownership interest to two current
shareholders of Regs Technology – Phyto and Panther.  Plaintiffs, relying on information
provided to them by Regs Technology, Ostrowitz, Phyto and Panther, cumulatively received
$178,942.35 for their approximately 11.758% interest in Regs Technology, predicated upon a
$1,521,877 valuation of the Company.  Approximately four months later, Fyllo – a digital
marketing company focused on the cannabis industry – announced its purchase of Regs
Technology for $10 million in cash and stock – assessing the stock sold by Plaintiffs as worth
more than six-and-a-half times the amount paid to the Plaintiffs.  Defendants knew of the sale of
Regs Technology to Fyllo and of the sale price in advance of Plaintiffs' divestment.  Defendants
concealed this information from the Plaintiffs and thereby denied them material information
pertaining to the value of their securities.  Worse, Defendants colluded to orchestrate a
transaction designed to deny Plaintiffs the fair market value thereof.  These actions and
omissions give rise to causes of action sounding in securities fraud, breach of fiduciary duty,
fraudulent concealment, breach of contract and civil conspiracy, and damages in the amount of
$1,175,798, plus interest, costs and attorney's fees.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred by § 27 of the Securities Act of 1934 (the "1934 Act").

3.      The federal claims asserted herein arise under §§10(b) and 20(a) of 1934 Act and SEC Rule 10b-5.

4.      This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because the state law claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

5.      This Court additionally maintains original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) in that the matter in controversy, exclusive of interest and costs, exceeds Seventy Five Thousand ($75,000.00) Dollars and the dispute is between citizens of different States.

6.      Venue is proper in this district pursuant to the Stock Purchase Agreements executed by Plaintiffs and Defendants Regs Technology, Phyto and Panther, each of which contains the following provision:

> <u>Choice of Law and Jurisdiction</u>.  All questions concerning the construction, validity, enforcement and interpretation of this Agreement shall be governed by and construed and enforced in accordance with the internal laws of the State of New York, United States, without regard to the principles of conflicts of law thereof. **Each party agrees that all legal proceedings concerning the interpretations, enforcement and defense of the transactions contemplated by this Agreement and any other Agreement (whether brought against a party hereto or its respective affiliates, directors, officers, shareholders, employees or agents) shall be commenced exclusively in the state and federal courts sitting in the City of New York, located in the State of New York. Each party hereby irrevocably submits to the exclusive jurisdiction of the state and federal courts sitting in the City of New York, borough of Manhattan for the adjudication of any dispute hereunder or in connection herewith or with any transaction contemplated hereby or discussed herein (including with respect to the enforcement of any of this Agreement), and hereby irrevocably waives, and agrees not to assert in any suit, action or proceeding, any claim that it is not personally subject to the jurisdiction of any such court, that such suit, action or proceeding is improper or is an inconvenient venue for such proceeding.**

(*See e.g.*, Stock Purchase Agreement among Rajavelu, Phyto and Regs Technology, Sec. 3.4 (emphasis supplied))

      7.      Venue is additionally proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

      8.      Firstenberger is an adult individual and resident of the Commonwealth of Pennsylvania.

      9.      Rajavelu is an adult individual and resident of the State of California.

      10.      Fyllo is an Illinois corporation with its principal place of business located in Chicago, Illinois.

      11.      Regs Technology is an Illinois corporation with its principal place of business located in Denver, Colorado.

      12.      Regs Technology is a wholly owned subsidiary of Fyllo.

      13.      Ostrowitz is an adult individual and resident of the State of Colorado.

      14.      Ostrowitz is the Chief Strategy Officer of Fyllo and the former Chief Executive Officer of Regs Technology.

      15.      Phyto is a Delaware limited liability company with its principal place of business in the State of Florida.

      16.      Panther is a Delaware limited liability company with its principal place of business in the State of Illinois.

      17.      Schnurmacher is an adult individual residing in the State of Florida.

      18.      Schnurmacher is the founder and managing partner of Phyto.

      19.      Friedman, Ramie and Jordan are adult individuals residing in the State of Illinois.

20.     Friedman and Ramie are the co-managing principals of Panther.

21.     Jordan is a principal of Panther.

**FACTS COMMON TO ALL COUNTS**

22.     Regs Technology is a regulatory database that aggregates and organizes federal, state and local cannabis research – a service similar to LexisNexis that specializes in the cannabis industry.

23.     Rajavelu is the former Chief Technology Officer of Regs Technology.

24.     Rajavelu is principally responsible for engineering the Regs Technology platform and database.

25.     Firstenberger is the former Chief Executive Officer of Regs Technology, a founder of the Company and an original investor therein.

26.     In or around 2018, Rajavelu and Firstenberger resigned as officers of Regs Technology, with Firstenberger selling the majority of his stock in the Company.

27.     However, Rajavelu and Firstenberger continued to possess a minority stake in the Company.

28.     Prior to his divestment in September of 2019, Rajavelu owned 520,600 shares of the common stock of Regs Technology, or approximately 5.13% of the Company.

29.     Prior to his divestment in September of 2019, Firstenberger owned 672,349 shares of the common stock of Regs Technology, or approximately 6.62% of the Company.

30.     Ostrowitz is a co-founder of Regs Technology and initial investor therein.

31.     Ostrowitz served as Chief Executive Officer of Regs Technology following Firstenberger's decision to resign from that position and through the sale of the Company in or around January of 2020.

32.     Ostrowitz owned 7,410,240 shares of the common stock of Regs Technology – approximately 73% of the Company – at the time of the transactions at issue.

33.     In or around September of 2019, Plaintiffs sold the entirety of their ownership interest to two current shareholders of Regs Technology – Phyto and Panther.

34.     Plaintiff effectuated these sales through four separate Stock Purchase Agreements, whereby Rajavelu and Firstenberger each sold half of their stock to Phyto and half to Panther.

35.     Specifically, by way of a Stock Purchase Agreement by and among Rajavelu, Phyto and Regs Technology, Rajavelu sold 260,300 shares of the common stock of Regs Technology to Phyto.

36.     By way of a Stock Purchase Agreement by and among Rajavelu, Panther and Regs Technology, Rajavelu sold 260,300 shares of the common stock of Regs Technology to Panther.

37.     By way of a Stock Purchase Agreement by and among Firstenberger, Phyto and Regs Technology, Firstenberger sold 336,175 shares of the common stock of Regs Technology to Phyto.

38.     By way of a Stock Purchase Agreement by and among Firstenberger, Panther and Regs Technology, Firstenberger sold 336,174 shares of the common stock of Regs Technology to Panther.[1]

39.     Plaintiffs, relying on information provided to them by Ostrowitz, Phyto and Panther, cumulatively received $178,942.35 for their approximately 11.758% interest in Regs Technology, predicated upon a $1,521,877 valuation of the Company.

---

[1] Firstenberger owned an odd number of shares.  It is possible that he sold one additional share to Panther as opposed to Phyto.

40.     Importantly, the prospect of selling their stock to Phyto and Panther did not originate with the Plaintiffs.

41.     Instead, Ostrowitz approached the Plaintiffs with the idea of selling their stock to Phyto and Panther.

42.     Ostrowitz specifically indicated that she had been in contact with the principals of Phyto and Panther and conveyed their interest in such a transaction.

43.     Further, it is Ostrowitz that approached Phyto and Panther with the idea of purchasing the entirety of Plaintiffs' interest in Regs Technology.

44.     Ostrowitz understood at the time that she orchestrated this transaction that Regs Technology would be sold to Fyllo – a digital marketing company focused on the cannabis industry – for at least $10 million in cash and stock.

45.     Ostrowitz, individually and in her capacity as the Chief Executive Officer and majority shareholder of Regs Technology, failed to divulge the sale of Regs Technology or the sale price to the Plaintiffs in advance of their divestment.

46.     However, Ostrowitz specifically advised Phyto and Panther of this information.

47.     Ostrowitz understood that Phyto and Panther would agree to purchase additional stock in Regs Technology when they learned of the sale of Regs Technology to Fyllo and the $10 million sale price – assessing the stock that Phyto and Panther purchased as worth more than six-and-a-half times the amount that they paid.

48.     Ostrowitz was correct: Phyto and Panther agreed to purchase Plaintiffs' stock predicated on their understanding that Regs Technology would be sold to Fyllo at a $10 million purchase price.

49.     Phyto and Panther thus colluded with Ostrowitz, individually and in her capacity as the Chief Executive Officer of Regs Technology, to deny Plaintiffs material information pertaining to the value of their securities.

50.     Phyto and Panther did so to benefit themselves.

51.     Phyto and Panther received a windfall when, only four months after they paid $178,942.35 for approximately 11.758% of the common stock of Regs Technology, Fyllo repurchased their stock for approximately six-and-a-half times that amount.

52.     Ostrowitz devised this scheme as part of a vindictive effort to harm the Plaintiffs.

53.     Ostrowitz had a longstanding dispute with the Plaintiffs pertaining to her management of Regs Technology.

54.     Plaintiffs specifically objected that they viewed Ostrowitz's management style as unstable, unfocused and unreliable.

55.     Plaintiffs additionally objected to Ostrowitz's persistent use of marijuana, as it contributed to her poor management of Regs Technology.

56.     Ostrowitz took issue with this criticism and developed animus toward the Plaintiffs.

57.     It is for this reason that Ostrowitz devised a scheme to separate Plaintiffs from Regs Technology and deprive them of the fair market value of their interest therein.

58.     The sale of Regs Technology to Fyllo was finalized and announced publicly within four months of the Plaintiffs selling their stock to Phyto and Panther.

59.     Ostrowitz received a windfall from this transaction – in excess of $7,300,000 in cash and stock and a lucrative position as Fyllo's Chief Strategy Officer.

**COUNT I**
**Violation of § 10(b) of the 1934 Act and SEC Rule 10b-5**
**Plaintiffs v. Fyllo, Regs Technology, Ostrowitz, Phyto and Panther**

60.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

61.    Defendants knew of the sale of Regs Technology to Fyllo and of the sale price in advance of Plaintiffs' divestment.

62.    Defendants concealed this information from the Plaintiffs and thereby denied them material information pertaining to value of their securities.

63.    Defendants acted intentionally and with the intent to defraud Plaintiffs.

64.    Defendants violated § 10(b) of the 1934 Act and SEC Rule 10b-5 in that they:

(a)    employed devices, schemes and artifices to defraud;

(b)    omitted facts material to the sale of securities by the Plaintiffs; and

(c)    engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiffs in connection with their sale of Regs Technology common stock in September of 2019.

65.    Defendants' failure to disclose the sale of Regs Technology to Fyllo and the sale price in advance of Plaintiffs' divestment caused an actual loss to the Plaintiffs in the amount of $1,175,798, plus interest, costs and attorney's fees.

66.    Plaintiffs relied on the lack of information provided by the Defendants, in that Plaintiffs would never have sold their stock predicated upon a $1,521,877 valuation of Regs Technology had they known that the Company was to be sold for $10,000,000 only four months later.

**WHEREFORE**, Plaintiffs Sathya Rajavelu and Lester Firstenberger respectfully request that this Court enter judgement in their favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs

Technology, Ltd. f/k/a CannaRegs, Ltd., Amanda Ostrowitz, Phyto II, LP and Panther Opportunity Fund, LLC, and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

**COUNT II**
**Violation of § 20(a) of the 1934 Act**
**Plaintiffs v. Defendants**

67.     Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

68.     Ostrowitz acted as a controlling person of Regs Technology within the meaning of §20(a) of the 1934 Act.

69.     By virtue of her position with the Company, and ownership of Regs Technology stock, Ostrowitz had the power and authority to cause Regs Technology to engage in the wrongful conduct complained of herein.

70.     Regs Technology acted as a controlling person of Ostrowitz and the other officers, directors and employees of Regs Technology within the meaning of §20(a) of the 1934 Act.

71.     Fyllo is liable for the acts and omissions of Regs Technology because it is the parent company thereof.

72.     Phyto acted as a controlling person of the officers, directors and employees of Phyto within the meaning of §20(a) of the 1934 Act.

73.     Schnurmacher acted as a controlling person of the officers, directors and employees of Phyto within the meaning of §20(a) of the 1934 Act.

74.     Panther acted as a controlling person of the officers, directors and employees of Panther within the meaning of §20(a) of the 1934 Act.

75.     Friedman, Ramie and Jordan acted as controlling persons of the officers, directors and employees of Panther within the meaning of §20(a) of the 1934 Act.

76.     By reason of such conduct, Defendants are liable pursuant to §20(a) of the 1934 Act.

**WHEREFORE**, Plaintiffs Sathya Rajavelu and Lester Firstenberger respectfully request that this Court enter judgement in their favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a CannaRegs, Ltd., Amanda Ostrowitz, Phyto II, LP, Panther Opportunity Fund, LLC, Larry Schnurmacher, David Friedman, Ramie A. Tritt and Jordan Tritt, and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

**COUNT III**
**Breach of Fiduciary Duty**
**Plaintiffs v. Fyllo, Regs Technology and Ostrowitz**

77.     Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

78.     A fiduciary owes a duty of utmost candor, strictly obligating a fiduciary to make a full disclosure of any and all material facts within his or her knowledge relating to a contemplated transaction with the other party to the relationship.

79.     When a fiduciary deals with the beneficiary of the duty in a matter relating to the fiduciary relationship, the fiduciary is strictly obligated to make full disclosure of all material facts.

80.     Ostrowitz, as the Chief Executive Officer of Regs Technology and majority shareholder thereof, owed a fiduciary duty to minority shareholders, including Plaintiffs.

81.     Regs Technology owed a fiduciary duty to its minority shareholders, including Plaintiffs.

82.     Ostrowitz, individually and as Chief Executive Officer of Regs Technology and majority shareholder thereof, arranged for the Plaintiffs to sell the entirety of their interest in Regs Technology to Phyto and Panther.

83.     Ostrowitz and Regs Technology were obligated to disclose any information that could reasonably bear on Plaintiffs' consideration of the offer by Phyto and Panther to purchase their stock for $178,942.35.

84.     Ostrowitz and Regs Technology failed to disclose material information pertaining to the stock sale and thereby breached their fiduciary duty to the Plaintiffs.

85.     Specifically, Ostrowitz and Regs Technology knew of the sale of Regs Technology to Fyllo and of the sale price in advance of Plaintiffs' divestment.

86.     Ostrowitz and Regs Technology concealed this information from the Plaintiffs and thereby denied them material information pertaining to value of their securities.

87.     Worse, Ostrowitz and Regs Technology colluded with Phyto and Panther to orchestrate a transaction designed to deny Plaintiffs the fair market value thereof.

88.     The breach of fiduciary duty by Ostrowitz and Regs Technology directly caused damages to Plaintiffs.

89.     Fyllo is liable for the acts and omissions of Regs Technology because it is the parent company thereof.

**WHEREFORE**, Plaintiffs Sathya Rajavelu and Lester Firstenberger respectfully request that this Court enter judgement in their favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a CannaRegs, Ltd. and Amanda Ostrowitz, and award nominal, compensatory

and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment

interest, post-judgment interest and such other relief as the Court deems just and proper.

### COUNT IV
### Fraudulent Concealment
### Plaintiffs v. Fyllo, Regs Technology, Ostrowitz, Phyto and Panther

90.     Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at

length herein.

91.     Defendants failed to disclose material information pertaining to the sale by the

Plaintiffs of their Regs Technology stock to Phyto and Panther.

92.     Specifically, Defendants knew of the sale of Regs Technology to Fyllo and of the

sale price in advance of Plaintiffs' divestment.

93.     Ostrowitz and Regs Technology were obligated to disclose any information that

could reasonably bear on Plaintiffs' consideration of the offer by Phyto and Panther because, as

explained above, they owed a fiduciary duty to the Plaintiffs.

94.     Phyto and Panther were obligated to disclose the sale of Regs Technology to

Fyllo and the sale price because Phyto and Panther negotiated directly with the Plaintiffs in

connection with the sale by the Plaintiffs of their common stock to Phyto and Panther.

95.     Phyto and Panther specifically negotiated the purchase price of said stock and

made affirmative statements pertaining to the value thereof yet never disclosed the sale of Regs

Technology to Fyllo and the sale price.

96.     Defendants concealed this information from the Plaintiffs and thereby denied

them material information pertaining to value of their securities.

97.     Defendants understood that Plaintiffs agreed to sell their stock to Phyto and

Panther for $178,942.35 because they did not know that their stock would be valued at

approximately six-and-a-half times that amount only four months later.

98.     Defendants knew that the Plaintiffs valued their stock premised on false and incomplete information.

99.     Defendants failed to disclose the sale of Regs Technology to Fyllo for $10 million with intent of inducing Plaintiffs to effectuate the sale of their securities to Phyto and Panther.

100.    Plaintiffs justifiably relied on Defendants' material omission and divested from Regs Technology, resulting in damages in the amount of $1,175,798, plus interest, costs and attorney's fees.

**WHEREFORE**, Plaintiffs Sathya Rajavelu and Lester Firstenberger respectfully request that this Court enter judgement in their favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a CannaRegs, Ltd., Amanda Ostrowitz, Phyto II, LP and Panther Opportunity Fund, LLC, and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

## COUNT V
**Breach of Contract / Implied Covenant of Good Faith and Fair Dealing
Rajavelu v. Fyllo, Regs Technology and Phyto**

101.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

102.    Rajavelu entered into a binding and enforceable contract with Phyto and Regs Technology.

103.    Specifically, by way of a Stock Purchase Agreement by and among Rajavelu, Phyto and Regs Technology, Rajavelu sold 260,300 shares of the common stock of Regs Technology to Phyto.

104.    This Stock Purchase Agreement, like every contract in New York, includes an implied covenant of good faith and fair dealing.

105.    That covenant embodied an obligation to advise Rajavelu of information material to the proper valuation of the stock being sold by Rajavelu to Phyto – namely, the sale of Regs Technology to Fyllo for $10 million in cash and stock.

106.    Regs Technology and Phyto acted in a manner that, although not expressly forbidden by any contractual provision, acted to deprive Rajavelu of the right to receive the benefits of the Stock Purchase Agreement by denying Rajavelu fair market value for his stock.

107.    The implied promised not to deny Rajavelu material information pertaining to the fair market value of the stock being sold is not contrary to any express provision of the Stock Purchase Agreement.

108.    The failure of Regs Technology and Phyto to disclose this information to Rajavelu constitutes a breach of the Stock Purchase Agreement.

109.    Rajavelu suffered damages as a result of the breach of contract by Regs Technology and Phyto.

110.    Fyllo is liable for the acts and omissions of Regs Technology because it is the parent company thereof.

**WHEREFORE**, Plaintiff Sathya Rajavelu respectfully requests that this Court enter judgement in his favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a CannaRegs, Ltd. and Phyto II, LP, and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

**COUNT VI**
**Breach of Contract / Implied Covenant of Good Faith and Fair Dealing**
**Rajavelu v. Fyllo, Regs Technology and Panther**

111.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

112.    Rajavelu entered into a binding and enforceable contract with Panther and Regs Technology.

113.    Specifically, by way of a Stock Purchase Agreement by and among Rajavelu, Panther and Regs Technology, Rajavelu sold 260,300 shares of the common stock of Regs Technology to Panther.

114.    This Stock Purchase Agreement, like every contract in New York, includes an implied covenant of good faith and fair dealing.

115.    That covenant embodied an obligation to advise Rajavelu of information material to the proper valuation of the stock being sold by Rajavelu to Panther – namely, the sale of Regs Technology to Fyllo for $10 million in cash and stock.

116.    Regs Technology and Panther acted in a manner that, although not expressly forbidden by any contractual provision, acted to deprive Rajavelu of the right to receive the benefits of the Stock Purchase Agreement by denying Rajavelu the fair market value for his stock.

117.    The implied promised not to deny Rajavelu material information pertaining to the fair market value of the stock being sold is not contrary to any express provision of the Stock Purchase Agreement.

118.    The failure of Regs Technology and Panther to disclose this information to Rajavelu constitutes a breach of the Stock Purchase Agreement.

119.    Rajavelu suffered damages as a result of the breach of contract by Regs Technology and Panther.

120.    Fyllo is liable for the acts and omissions of Regs Technology because it is the parent company thereof.

**WHEREFORE**, Plaintiff Sathya Rajavelu respectfully requests that this Court enter judgement in his favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a CannaRegs, Ltd. and Panther Opportunity Fund, LLC, and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

## COUNT VII
### Breach of Contract / Implied Covenant of Good Faith and Fair Dealing
### Firstenberger v. Fyllo, Regs Technology and Phyto

121.   Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

122.   Firstenberger entered into a binding and enforceable contract with Phyto and Regs Technology.

123.   Specifically, by way of a Stock Purchase Agreement by and among Firstenberger, Phyto and Regs Technology, Firstenberger sold 336,175 shares of the common stock of Regs Technology to Phyto.

124.   This Stock Purchase Agreement, like every contract in New York, includes an implied covenant of good faith and fair dealing.

125.   That covenant embodied an obligation to advise Firstenberger of information material to the proper valuation of the stock being sold by Firstenberger to Phyto – namely, the sale of Regs Technology to Fyllo for $10 million in cash and stock.

126.   Regs Technology and Phyto acted in a manner that, although not expressly forbidden by any contractual provision, acted to deprive Firstenberger of the right to receive the benefits of the Stock Purchase Agreement by denying Firstenberger fair market value for his stock.

127.    The implied promise not to deny Firstenberger material information pertaining to the fair market value of the stock being sold is not contrary to any express provision of the Stock Purchase Agreement.

128.    The failure of Regs Technology and Phyto to disclose this information to Firstenberger constitutes a breach of the Stock Purchase Agreement.

129.    Rajavelu suffered damages as a result of the breach of contract by Regs Technology and Phyto.

130.    Fyllo is liable for the acts and omissions of Regs Technology because it is the parent company thereof.

**WHEREFORE**, Plaintiff Lester Firstenberger respectfully requests that this Court enter judgement in his favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f f/k/a CannaRegs, Ltd. and Phyto II, LP, and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

**COUNT VIII**
**Breach of Contract / Implied Covenant of Good Faith and Fair Dealing**
**Firstenberger v. Fyllo, Regs Technology and Panther**

131.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

132.    Firstenberger entered into a binding and enforceable contract with Panther and Regs Technology.

133.    Specifically, by way of a Stock Purchase Agreement by and among Firstenberger, Panther and Regs Technology, Firstenberger sold 336,174 shares of the common stock of Regs Technology to Panther.

134.    This Stock Purchase Agreement, like every contract in New York, includes an implied covenant of good faith and fair dealing.

135.    That covenant embodied an obligation to advise Firstenberger of information material to the proper valuation of the stock being sold by Firstenberger to Panther – namely, the sale of Regs Technology to Fyllo for $10 million in cash and stock.

136.    Regs Technology and Panther acted in a manner that, although not expressly forbidden by any contractual provision, acted to deprive Firstenberger of the right to receive the benefits of the Stock Purchase Agreement by denying Firstenberger fair market value for his stock.

137.    The implied promise not to deny Firstenberger material information pertaining to the fair market value of the stock being sold is not contrary to any express provision of the Stock Purchase Agreement.

138.    The failure of Regs Technology and Panther to disclose this information to Firstenberger constitutes a breach of the Stock Purchase Agreement.

139.    Rajavelu suffered damages as a result of the breach of contract by Regs Technology and Panther.

140.    Fyllo is liable for the acts and omissions of Regs Technology because it is the parent company thereof.

**WHEREFORE**, Plaintiff Lester Firstenberger respectfully requests that this Court enter judgement in his favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a CannaRegs, Ltd. and Panther Opportunity Fund, LLC, and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

**COUNT IX**
**Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law**
**Firstenberger v. Fyllo, Regs Technology, Ostrowitz, Phyto and Panther**

141.    The allegations set forth in the proceeding paragraphs are incorporated by reference as though fully set forth herein.

142.    This Count is brought under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTCPL").

143.    The sale of securities is within the UTCPL as that statute applies to "any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth."

144.    The UTCPL provides for a private right of action to be maintained by an aggrieved party.

145.    An individual or entity that engages in deceptive conduct, which creates a likelihood of confusion or misunderstanding, is liable under the UTCPL.

146.    The UTCPL applies to Firstenberger – a Pennsylvania resident who purchased the common stock of Regs Technology while living in Pennsylvania and retained and ultimately sold his interest therein while continuing to reside in the Commonwealth.

147.    Defendants engaged in unfair and deceptive practices likely to cause confusion and prohibited by the UTCPL, as already more fully alleged in the preceding paragraphs (said allegations being incorporated herein by reference), including, but not limited to, (a) denying Firstenberger material information pertaining to the value of his securities; and (b) colluding to orchestrate a transaction designed to deny Firstenberger the fair market value thereof.

148.    Defendants' failure to disclose the sale of Regs Technology to Fyllo and the sale price in advance of Firstenberger's divestment caused an actual loss to Firstenberger.

149.    Firstenberger is further entitled to treble damages pursuant to the UTCPL and requests the same herein.

**WHEREFORE**, Plaintiff Lester Firstenberger respectfully requests that this Court enter judgement in his favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a CannaRegs, Ltd., Amanda Ostrowitz, Phyto II, LP and Panther Opportunity Fund, LLC, and award treble, nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Robert Brookman*

_____

Robert Brookman (Attorney ID No. 315153)
The Brookman Law Group LLC
1500 Market Street
12th Floor, East Tower, #1027
Philadelphia, PA 19102
Telephone: (267) 566-5598
Facsimile: (215) 569-8228
E-mail: rbrookman@brookmanlawgroup.com
*Attorney for Plaintiffs, Sathya Rajavelu and Lester Firstenberger*

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs demand a trial by jury with respect to all counts.

Respectfully submitted,

*/s/ Robert Brookman*

_____
Robert Brookman (Attorney ID No. 315153)
The Brookman Law Group LLC
1500 Market Street
12th Floor, East Tower, #1027
Philadelphia, PA 19102
Telephone: (267) 566-5598
Facsimile: (215) 569-8228
E-mail: rbrookman@brookmanlawgroup.com
*Attorney for Plaintiffs, Sathya Rajavelu and Lester
Firstenberger*