## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LESTER FIRSTENBERGER | : |
| | : |
| SATHYA RAJAVELU | :    CIVIL ACTION NO. 20-7169 |
| | : |
| Plaintiffs, | :    JURY TRIAL DEMANDED |
| | : |
| v. | : |
| | : |
| CASTERS HOLDINGS, INC D/B/A FYLLO | : |
| | : |
| REGS TECHNOLOGY, INC. F/K/A | : |
| CANNAREGS, LTD. | : |
| | : |
| AMANDA OSTROWITZ | : |
| | : |
| | : |
| Defendants. | : |

### FIRST AMENDED COMPLAINT

Plaintiffs Lester Firstenberger ("Firstenberger") and Sathya Rajavelu ("Rajavelu", collectively, "Plaintiffs"), by and through their undersigned counsel, Robert Brookman, Esquire and the Brookman Law Group LLC, hereby bring this First Amended Complaint against Casters Holdings, Inc. d/b/a Fyllo ("Fyllo"), Regs Technology, Inc. f/k/a CannaRegs, Ltd. ("Regs Technology" and the "Company") and Amanda Ostrowitz, individually and in her capacity as the Chief Executive Officer of Regs Technology ("Ostrowitz", collectively, "Defendants") and, in support thereof, aver as follows:

### SUMMARY

1.      This is a securities fraud case involving the fraudulent concealment of information material to a securities transaction.  Specifically, Plaintiffs possessed a minority interest in Regs Technology, a privately held corporation in the cannabis industry.  In or around

September of 2019, through a transaction orchestrated by the Chief Executive Officer of Regs Technology, Ostrowitz, Plaintiffs sold the entirety of their ownership interest to two current shareholders of Regs Technology – Phyto II, LP ("Phyto") and Panther Opportunity Fund, LLC ("Panther").  Plaintiffs, relying on information provided to them by Regs Technology, Ostrowitz, Phyto and Panther, cumulatively received $178,942.35 for their approximately 11.758% interest in Regs Technology, predicated upon a $1,521,877 valuation of the Company.  Approximately four months later, Fyllo – a digital marketing company focused on the cannabis industry – announced its purchase of Regs Technology for $10 million in cash and stock – assessing the stock sold by Plaintiffs as worth more than six-and-a-half times the amount paid to the Plaintiffs. Regs Technology and Ostrowitz knew of the sale of Regs Technology to Fyllo and of the sale price in advance of Plaintiffs' divestment.  Regs Technology and Ostrowitz concealed this information from the Plaintiffs and thereby denied them material information pertaining to the value of their securities.  Worse, Regs Technology and Ostrowitz orchestrated a transaction designed to deny Plaintiffs the fair market value thereof.  These actions and omissions give rise to causes of action sounding in securities fraud, breach of fiduciary duty, fraudulent concealment and breach of contract, and damages in the amount of $1,175,798, plus interest, costs and attorney's fees.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred by § 27 of the Securities Act of 1934 (the "1934 Act").

3.      The federal claims asserted herein arise under §§10(b) and 20(a) of 1934 Act and SEC Rule 10b-5.

4.      This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because the state law claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

5.      This Court additionally maintains original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) in that the matter in controversy, exclusive of interest and costs, exceeds Seventy Five Thousand ($75,000.00) Dollars and the dispute is between citizens of different States.

6.      Venue is proper in this district pursuant to the Stock Purchase Agreements executed by and between Plaintiffs and Regs Technology, Phyto and Panther, each of which contains the following provision:

> <u>Choice of Law and Jurisdiction</u>.  All questions concerning the construction, validity, enforcement and interpretation of this Agreement shall be governed by and construed and enforced in accordance with the internal laws of the State of New York, United States, without regard to the principles of conflicts of law thereof. **Each party agrees that all legal proceedings concerning the interpretations, enforcement and defense of the transactions contemplated by this Agreement and any other Agreement (whether brought against a party hereto or its respective affiliates, directors, officers, shareholders, employees or agents) shall be commenced exclusively in the state and federal courts sitting in the City of New York, located in the State of New York. Each party hereby irrevocably submits to the exclusive jurisdiction of the state and federal courts sitting in the City of New York, borough of Manhattan for the adjudication of any dispute hereunder or in connection herewith or with any transaction contemplated hereby or discussed herein (including with respect to the enforcement of any of this Agreement), and hereby irrevocably waives, and agrees not to assert in any suit, action or proceeding, any claim that it is not personally subject to the jurisdiction of any such court, that such suit, action or proceeding is improper or is an inconvenient venue for such proceeding.**

(*See e.g.*, Stock Purchase Agreement among Rajavelu, Phyto and Regs Technology, Sec. 3.4 (emphasis supplied))

7.      Venue is additionally proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

8.      This Court possesses personal jurisdiction over Fyllo and its holly owned subsidiary, Regs Technology, because Fyllo maintains an office in Brooklyn, New York.  That office is occupied by no less than twenty employees and, upon information and belief, those employees perform services in furtherance of the operations of Regs Technology.

9.      Fyllo and Regs Technology additionally conduct business in New York and sell their business to subscribers that reside and conduct business therein.

10.     Ostrowitz regularly conducts business in New York and, as the Chief Executive Officer of Regs Technology and Chief Strategy Officer of Fyllo, coordinates with employees in Fyllo's Brooklyn office.

11.     The contacts of the Defendants with New York are systematic and continuous.

12.     The Defendants personally avail themselves of the privileges, benefits and protections that New York provides to its businesses and thus take on certain obligations, including being subject to suit for activities conducted therein.

**PARTIES**

13.     Firstenberger is an adult individual and resident of the Commonwealth of Pennsylvania.

14.     Rajavelu is an adult individual and resident of the State of California.

15.     Fyllo is an Illinois corporation with its principal place of business located in Chicago, Illinois.

16.     Regs Technology is a Delaware corporation with its principal place of business located in Denver, Colorado.

17.     Regs Technology is a wholly owned subsidiary of Fyllo.

18.     Ostrowitz is an adult individual and resident of the State of Colorado.

19. Ostrowitz is the Chief Strategy Officer of Fyllo and Chief Executive Officer of Regs Technology.

## FACTS COMMON TO ALL COUNTS

20. Regs Technology is a regulatory database that aggregates and organizes federal, state and local cannabis research – a service similar to LexisNexis that specializes in the cannabis industry.

21. Rajavelu is the former Chief Technology Officer of Regs Technology.

22. Rajavelu was principally responsible for engineering the Regs Technology platform and database.

23. Firstenberger is the former Chief Executive Officer of Regs Technology, a founder of the Company and an original investor therein.

24. In or around 2018, Rajavelu and Firstenberger resigned as officers of Regs Technology, with Firstenberger selling the majority of his stock in the Company.

25. However, Rajavelu and Firstenberger continued to possess a minority stake in the Company.

26. Prior to his divestment in September of 2019, Rajavelu owned 520,600 shares of the common stock of Regs Technology, or approximately 5.13% of the Company.

27. Prior to his divestment in September of 2019, Firstenberger owned 672,349 shares of the common stock of Regs Technology, or approximately 6.62% of the Company.

28. Ostrowitz is a co-founder of Regs Technology and initial investor therein.

29. Ostrowitz served as Chief Executive Officer of Regs Technology following Firstenberger's decision to resign from that position and continues to serve in that position.

30.     Ostrowitz owned 7,410,240 shares of the common stock of Regs Technology – approximately 73% of the Company – at the time of the transactions at issue.

31.     In or around September of 2019, Plaintiffs sold the entirety of their ownership interest to two current shareholders of Regs Technology – Phyto and Panther.

32.     Plaintiff effectuated these sales through four separate Stock Purchase Agreements, whereby Rajavelu and Firstenberger each sold half of their stock to Phyto and half to Panther.

33.     Specifically, by way of a Stock Purchase Agreement by and among Rajavelu, Phyto and Regs Technology, Rajavelu sold 260,300 shares of the common stock of Regs Technology to Phyto.

34.     By way of a Stock Purchase Agreement by and among Rajavelu, Panther and Regs Technology, Rajavelu sold 260,300 shares of the common stock of Regs Technology to Panther.

35.     By way of a Stock Purchase Agreement by and among Firstenberger, Phyto and Regs Technology, Firstenberger sold 336,175 shares of the common stock of Regs Technology to Phyto.

36.     By way of a Stock Purchase Agreement by and among Firstenberger, Panther and Regs Technology, Firstenberger sold 336,174 shares of the common stock of Regs Technology to Panther.[1]

37.     Plaintiffs, relying on information provided to them by Ostrowitz, Phyto and Panther, cumulatively received $178,942.35 for their approximately 11.758% interest in Regs Technology, predicated upon a $1,521,877 valuation of the Company.

---

[1] Firstenberger owned an odd number of shares.  It is possible that he sold one additional share to Panther as opposed to Phyto.

38.    Importantly, the prospect of selling their stock to Phyto and Panther did not originate with the Plaintiffs.

39.    Instead, Ostrowitz approached the Plaintiffs with the idea of selling their stock to Phyto and Panther.

40.    Ostrowitz specifically indicated that she had been in contact with the principals of Phyto and Panther and conveyed their interest in such a transaction.

41.    Further, it is Ostrowitz that approached Phyto and Panther with the idea of purchasing the entirety of Plaintiffs' interest in Regs Technology.

42.    Ostrowitz understood at the time that she orchestrated this transaction that Regs Technology would be sold to Fyllo – a digital marketing company focused on the cannabis industry – for at least $10 million in cash and stock.

43.    Ostrowitz, individually and in her capacity as the Chief Executive Officer and majority shareholder of Regs Technology, failed to divulge the sale of Regs Technology or the sale price to the Plaintiffs in advance of their divestment.

44.    Upon information and belief, Ostrowitz communicated regarding this transaction with the Chief Executive Officer of Fyllo, Chad Bronstein ("Bronstein"), in August of 2019, and perhaps prior.

45.    Upon information and belief, Ostrowitz received a tour of the Fyllo facilities, and participated in a meeting (or perhaps multiple meetings) at the Fyllo facilities, in September of 2019.

46.    Upon information and belief, Bronstein, in September of 2019, transmitted a Non-Disclosure Agreement to Ostrowitz – confirming Fyllo's intent to divulge confidential information to Ostrowitz and Regs Technology relevant to Fyllo's purchase of Regs Technology.

47.    Plaintiffs are additionally in possession of e-mail correspondence between Ostrowitz and Bronstein reflecting an exchange that occurred between September 24, 2019 and October 2, 2019.

48.    During that exchange, Ostrowitz sent and received multiple e-mails from the domain "amanda@hellofyllo.com".

49.    @hellofyllo.com is the e-mail domain issued to the executives, officers and employees of Fyllo.

50.    Ostrowitz's use of an @hellofyllo e-mail domain from September 24, 2019 to October 2, 2019 confirms her employment or association with Fyllo during that time period.[2]

51.    In addition, Bronstein explicitly and unequivocally acknowledged in an interview that he engaged in protracted communications with Ostrowitz over the course of several months pertaining to Fyllo's purchase of Regs Technology.

52.    Bronstein explained that he met Ostrowitz through a mutual friend.

53.    E-mail communications obtained by the Plaintiffs suggest that the mutual friend referenced by Bronstein is Zach Marburger, an executive with Cresco Labs, another company in the cannabis industry.

54.    In an e-mail dated September 26, 2019, Ostrowitz inquired with Rajavelu whether he had received the proceeds of his stock sale.

---

[2] Defendants deny this conclusion, arguing that e-mails that Ostrowitz sent from the domain amanda@cannaregs.com migrated to amanda@hellofyllo.com following Ostrowitz's transition to Fyllo.  However, the migration that Defendants describe is not possible. Electronic communications from a particular domain do not magically transfer to a different domain.  E-mail account setups work prospectively, not retrospectively.  The opposite phenomenon would create massive legal and compliance issues.

55.    Ostrowitz explained that she required this information as a prerequisite to the transfer of Rajavelu's stock to Panther and Phyto.

56.    Ostrowitz, via her e-mail to Rajavelu, confirmed that the stock transfer from Plaintiffs to Phyto and Panther remained uncompleted on September 26, 2019.

57.    Ostrowitz' e-mail further confirmed that she did not, as of September 26, 2019, know whether Plaintiffs had received compensation for their shares.

58.    Ostrowitz sought to complete the stock sale despite prior e-mail and in-person correspondence with Bronstein and other Fyllo executives and knowledge of Fyllo's interest in acquiring Regs Technology.

59.    Furthermore, Fyllo purchased Regs Technology in connection with a multi-phase capital raise orchestrated and effectuated over the course of the prior year, and well in advance of Plaintiffs' divestment.

60.    Specifically, Fyllo raised $16 million in seed funding with participation from JW Asset Management and K2 & Associates.

61.    In addition, on August 12, 2020, Fyllo announced that it had raised an additional $10 million in Series A2 financing from existing and new investors, bringing total funding to date to $26 million.

62.    The Series A2 round was led by existing investors JW Asset Management and K2 & Associates with participation from current investors Arcadian, Salveo Capital and, importantly, Phyto.

63.    Further, Phyto is a $100 venture capital fund that, according to its website, invests "in privately held companies that provide business critical services and solutions to the burgeoning marijuana industry" – like Regs Technology.

64.    Panther is likewise a large venture capital fund that invests primarily in ancillary cannabis businesses – like Regs Technology.

65.    Upon information and belief, Fyllo understood the prospect of future investment by Phyto and Panther at the time of Fyllo's communications with Ostrowitz pertaining to Fyllo's purchase of Regs Technology.

66.    Indeed, Bronstein knew the Chief Executive Officer of Phyto, Larry Schnurmacher ("Schnurmacher"), well prior to the transactions at issue.

67.    Phyto and Panther received a windfall when, only four months after they paid $178,942.35 for approximately 11.758% of the common stock of Regs Technology, Fyllo repurchased their stock for approximately six-and-a-half times that amount.

68.    Ostrowitz acted as part of a vindictive effort to harm the Plaintiffs.

69.    Ostrowitz had a longstanding dispute with the Plaintiffs pertaining to her management of Regs Technology.

70.    Plaintiffs specifically objected that they viewed Ostrowitz's management style as unstable, unfocused and unreliable.

71.    Plaintiffs additionally objected to Ostrowitz's persistent use of marijuana, as it contributed to her poor management of Regs Technology.

72.    Ostrowitz took issue with this criticism and developed animus toward the Plaintiffs.

73.    It is for this reason that Ostrowitz devised a scheme to separate Plaintiffs from Regs Technology and deprive them of the fair market value of their interest therein.

74.    The sale of Regs Technology to Fyllo was finalized and announced publicly within four months of the Plaintiffs selling their stock to Phyto and Panther.

75.    In connection with the sale of Regs Technology to Fyllo, Ostrowitz received in excess of $7,300,000 in cash and stock and a lucrative position as Fyllo's Chief Strategy Officer.

**COUNT I**
**Violation of § 10(b) of the 1934 Act and SEC Rule 10b-5**
**Plaintiffs v. Defendants**

76.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

77.    Regs Technology and Ostrowitz knew of the sale of Regs Technology to Fyllo and of the sale price in advance of Plaintiffs' divestment.

78    Regs Technology and Ostrowitz concealed this information from the Plaintiffs and thereby denied them material information pertaining to value of their securities.

79.    Regs Technology and Ostrowitz acted intentionally and with the intent to defraud Plaintiffs.

80.    Regs Technology and Ostrowitz violated § 10(b) of the 1934 Act and SEC Rule 10b-5 in that they:

(a)    employed devices, schemes and artifices to defraud;

(b)    omitted facts material to the sale of securities by the Plaintiffs; and

(c)    engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiffs in connection with their sale of Regs Technology common stock in September of 2019.

81.    The failure of Regs Technology and Ostrowitz to disclose the sale of Regs Technology to Fyllo and the sale price in advance of Plaintiffs' divestment caused an actual loss to the Plaintiffs in the amount of $1,175,798, plus interest, costs and attorney's fees.

82.     Plaintiffs relied on the lack of information provided by Regs Technology and Ostrowitz, in that Plaintiffs would never have sold their stock predicated upon a $1,521,877 valuation of Regs Technology had they known that the Company was to be sold for $10,000,000 only four months later.

83.     Fyllo is liable as a successor in interest because it assumed the liability of Regs Technology when it purchased the Company in January of 2020 and Fyllo and Regs Technology merged and consolidated their respective operations.

84.     Fyllo is the sole owner and operator of Regs Technology.

85.     However, there is a continuation of the operations of Regs Technology and a continuation of the Company's management, personnel, physical location, assets and general business operations.

86.     Ostrowitz remains the CEO of Regs Technology and, upon information and belief, the other managers and officers of the Company remain in the positions that they held prior to Fyllo's acquisition of the Company.

87.     Additionally, upon information and belief, there is a continuity of shareholders as a result of Fyllo paying for the assets that it acquired through shares of its own stock.

88.     The officers, directors, executives and employees of Regs Technology are, as a result of Fyllo's acquisition of Regs Technology, employed and paid by Fyllo.

89.     The officers, directors, executives and employees of Regs Technology represent themselves to the public as Fyllo's representatives and agents and operate under the direction and control of that entity.

90.     Fyllo has assumed those obligations of Regs Technology necessary for the uninterrupted continuation of the normal business operations of Regs Technology.

91.    Indeed, Regs Technology is fully integrated with Fyllo, with Fyllo advertising Regs Technology and offering the Company's database to the public as part of the "Fyllo Compliance Cloud".

**WHEREFORE**, Plaintiffs Sathya Rajavelu and Lester Firstenberger respectfully request that this Court enter judgement in their favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a CannaRegs, Ltd. and Amanda Ostrowitz, , and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

## COUNT II
### Violation of § 20(a) of the 1934 Act
### Plaintiffs v. Defendants

92.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

93.    Ostrowitz acted as a controlling person of Regs Technology within the meaning of §20(a) of the 1934 Act.

94.    By virtue of her position with the Company, and ownership of Regs Technology stock, Ostrowitz had the power and authority to cause Regs Technology to engage in the wrongful conduct complained of herein.

95.    Regs Technology acted as a controlling person of Ostrowitz and the other officers, directors and employees of Regs Technology within the meaning of §20(a) of the 1934 Act.

96.    Ostrowitz and Regs Technology devised and effectuated the fraud alleged herein and are culpable for their knowing participation therein.

97.    For the reasons stated herein above, which are incorporated herein by reference, Fyllo is liable as a successor in interest for the acts and omissions of Regs Technology.

98.    By reason of such conduct, Defendants are liable pursuant to §20(a) of the 1934 Act.

**WHEREFORE**, Plaintiffs Sathya Rajavelu and Lester Firstenberger respectfully request that this Court enter judgement in their favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a CannaRegs, Ltd. and Amanda Ostrowitz, , and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

### COUNT III
### Breach of Fiduciary Duty
### Plaintiffs v. Defendants

99.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

100.    A fiduciary owes a duty of utmost candor, strictly obligating a fiduciary to make a full disclosure of any and all material facts within his or her knowledge relating to a contemplated transaction with the other party to the relationship.

101.    When a fiduciary deals with the beneficiary of the duty in a matter relating to the fiduciary relationship, the fiduciary is strictly obligated to make full disclosure of all material facts.

102.    Ostrowitz, as the Chief Executive Officer of Regs Technology and majority shareholder thereof, owed a fiduciary duty to minority shareholders, including Plaintiffs.

103.    Regs Technology owed a fiduciary duty to its minority shareholders, including Plaintiffs.

104.    Ostrowitz, individually and as Chief Executive Officer of Regs Technology and majority shareholder thereof, arranged for the Plaintiffs to sell the entirety of their interest in Regs Technology to Phyto and Panther.

105.    Ostrowitz and Regs Technology were obligated to disclose any information that could reasonably bear on Plaintiffs' consideration of the offer by Phyto and Panther to purchase their stock for $178,942.35.

106.    Ostrowitz and Regs Technology failed to disclose material information pertaining to the stock sale and thereby breached their fiduciary duty to the Plaintiffs.

107.    Specifically, Ostrowitz and Regs Technology knew of the sale of Regs Technology to Fyllo and of the sale price in advance of Plaintiffs' divestment.

108.    Ostrowitz and Regs Technology concealed this information from the Plaintiffs and thereby denied them material information pertaining to value of their securities.

109.    Worse, Ostrowitz and Regs Technology orchestrated a transaction designed to deny Plaintiffs the fair market value thereof.

110.    At a minimum, Ostrowitz and Regs Technology knew of the prospect that Regs Technology would be sold to a larger corporation at a substantially higher price-per-share than that paid to the Plaintiffs.

111.    The failure of Ostrowitz and Regs Technology to disclose this information to the Plaintiffs constitutes a breach of their fiduciary obligations.

112.    The breach of fiduciary duty by Ostrowitz and Regs Technology directly caused damages to Plaintiffs.

113.    For the reasons stated herein above, which are incorporated herein by reference, Fyllo is liable as a successor in interest for the acts and omissions of Regs Technology.

**WHEREFORE**, Plaintiffs Sathya Rajavelu and Lester Firstenberger respectfully request that this Court enter judgement in their favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a CannaRegs, Ltd. and Amanda Ostrowitz, and award nominal, compensatory

and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

## COUNT IV
### Fraudulent Concealment
### Plaintiffs v. Defendants

114.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

115.    Regs Technology and Ostrowitz failed to disclose material information pertaining to the sale by the Plaintiffs of their Regs Technology stock to Phyto and Panther.

116.    Specifically, Regs Technology and Ostrowitz knew of the sale of Regs Technology to Fyllo and of the sale price in advance of Plaintiffs' divestment.

117.    Regs Technology and Ostrowitz were obligated to disclose any information that could reasonably bear on Plaintiffs' consideration of the offer by Phyto and Panther because, as explained above, they owed a fiduciary duty to the Plaintiffs.

118.    Regs Technology and Ostrowitz concealed this information from the Plaintiffs and thereby denied them material information pertaining to value of their securities.

119.    Regs Technology and Ostrowitz understood that Plaintiffs agreed to sell their stock to Phyto and Panther for $178,942.35 because they did not know that their stock would be valued at approximately six-and-a-half times that amount only four months later.

120.    Regs Technology and Ostrowitz knew that the Plaintiffs valued their stock premised on false and incomplete information.

121.    Regs Technology and Ostrowitz failed to disclose the sale of Regs Technology to Fyllo for $10 million with intent of inducing Plaintiffs to effectuate the sale of their securities to Phyto and Panther.

122.    Plaintiffs justifiably relied on Regs Technology and Ostrowitz' material omission and divested from Regs Technology, resulting in damages in the amount of $1,175,798, plus interest, costs and attorney's fees.

123.    For the reasons stated herein above, which are incorporated herein by reference, Fyllo is liable as a successor in interest for the acts and omissions of Regs Technology.

**WHEREFORE**, Plaintiffs Sathya Rajavelu and Lester Firstenberger respectfully request that this Court enter judgement in their favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a CannaRegs, Ltd. and Amanda Ostrowitz and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

## COUNT V
### Breach of Contract / Implied Covenant of Good Faith and Fair Dealing
### Rajavelu v. Fyllo and Regs Technology

124.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

125.    Rajavelu entered into a binding and enforceable contract with Phyto and Regs Technology.

126.    Specifically, by way of a Stock Purchase Agreement by and among Rajavelu, Phyto and Regs Technology, Rajavelu sold 260,300 shares of the common stock of Regs Technology to Phyto.

127.    This Stock Purchase Agreement, like every contract in New York, includes an implied covenant of good faith and fair dealing.

128.    That covenant embodied an obligation to advise Rajavelu of information material to the proper valuation of the stock being sold by Rajavelu to Phyto – namely, the sale of Regs Technology to Fyllo for $10 million in cash and stock.

129.    Regs Technology acted in a manner that, although not expressly forbidden by any contractual provision, acted to deprive Rajavelu of the right to receive the benefits of the Stock Purchase Agreement by denying Rajavelu fair market value for his stock.

130.    The implied promise not to deny Rajavelu material information pertaining to the fair market value of the stock being sold is not contrary to any express provision of the Stock Purchase Agreement.

131.    The failure of Regs Technology to disclose this information to Rajavelu constitutes a breach of the Stock Purchase Agreement.

132.    Rajavelu suffered damages as a result of the breach of contract by Regs Technology.

133.    For the reasons stated herein above, which are incorporated herein by reference, Fyllo is liable as a successor in interest for the acts and omissions of Regs Technology.

**WHEREFORE**, Plaintiff Sathya Rajavelu respectfully requests that this Court enter judgement in his favor and against Caster Holdings, Inc. d/b/a Fyllo and Regs Technology, Ltd. f/k/a CannaRegs, Ltd. and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

### COUNT VI
**Breach of Contract / Implied Covenant of Good Faith and Fair Dealing**
**Rajavelu v. Fyllo and Regs Technology**

134.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

135.    Rajavelu entered into a binding and enforceable contract with Panther and Regs Technology.

136.    Specifically, by way of a Stock Purchase Agreement by and among Rajavelu, Panther and Regs Technology, Rajavelu sold 260,300 shares of the common stock of Regs Technology to Panther.

137.    This Stock Purchase Agreement, like every contract in New York, includes an implied covenant of good faith and fair dealing.

138.    That covenant embodied an obligation to advise Rajavelu of information material to the proper valuation of the stock being sold by Rajavelu to Panther – namely, the sale of Regs Technology to Fyllo for $10 million in cash and stock.

139.    Regs Technology acted in a manner that, although not expressly forbidden by any contractual provision, acted to deprive Rajavelu of the right to receive the benefits of the Stock Purchase Agreement by denying Rajavelu the fair market value for his stock.

140.    The implied promised not to deny Rajavelu material information pertaining to the fair market value of the stock being sold is not contrary to any express provision of the Stock Purchase Agreement.

141.    The failure of Regs Technology to disclose this information to Rajavelu constitutes a breach of the Stock Purchase Agreement.

142.    Rajavelu suffered damages as a result of the breach of contract by Regs Technology.

143.    For the reasons stated herein above, which are incorporated herein by reference, Fyllo is liable as a successor in interest for the acts and omissions of Regs Technology.

**WHEREFORE**, Plaintiff Sathya Rajavelu respectfully requests that this Court enter judgement in his favor and against Caster Holdings, Inc. d/b/a Fyllo and Regs Technology, Ltd. f/k/a CannaRegs, Ltd. and award nominal, compensatory and punitive damages, together with attorneys'

fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

## COUNT VII
### Breach of Contract / Implied Covenant of Good Faith and Fair Dealing
### Firstenberger v. Fyllo and Regs Technology

144.     Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

145.     Firstenberger entered into a binding and enforceable contract with Phyto and Regs Technology.

146.     Specifically, by way of a Stock Purchase Agreement by and among Firstenberger, Phyto and Regs Technology, Firstenberger sold 336,175 shares of the common stock of Regs Technology to Phyto.

147.     This Stock Purchase Agreement, like every contract in New York, includes an implied covenant of good faith and fair dealing.

148.     That covenant embodied an obligation to advise Firstenberger of information material to the proper valuation of the stock being sold by Firstenberger to Phyto – namely, the sale of Regs Technology to Fyllo for $10 million in cash and stock.

149.     Regs Technology acted in a manner that, although not expressly forbidden by any contractual provision, acted to deprive Firstenberger of the right to receive the benefits of the Stock Purchase Agreement by denying Firstenberger fair market value for his stock.

150.     The implied promise not to deny Firstenberger material information pertaining to the fair market value of the stock being sold is not contrary to any express provision of the Stock Purchase Agreement.

151.     The failure of Regs Technology to disclose this information to Firstenberger constitutes a breach of the Stock Purchase Agreement.

152.    Rajavelu suffered damages as a result of the breach of contract by Regs Technology.

153.    For the reasons stated herein above, which are incorporated herein by reference, Fyllo is liable as a successor in interest for the acts and omissions of Regs Technology.

**WHEREFORE**, Plaintiff Lester Firstenberger respectfully requests that this Court enter judgement in his favor and against Caster Holdings, Inc. d/b/a Fyllo and Regs Technology, Ltd. f f/k/a CannaRegs, Ltd. and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

**COUNT VIII**
**Breach of Contract / Implied Covenant of Good Faith and Fair Dealing**
**Firstenberger v. Fyllo and Regs Technology**

154.    Plaintiffs incorporate the foregoing paragraphs as if the same were set forth at length herein.

155.    Firstenberger entered into a binding and enforceable contract with Panther and Regs Technology.

156.    Specifically, by way of a Stock Purchase Agreement by and among Firstenberger, Panther and Regs Technology, Firstenberger sold 336,174 shares of the common stock of Regs Technology to Panther.

157.    This Stock Purchase Agreement, like every contract in New York, includes an implied covenant of good faith and fair dealing.

158.    That covenant embodied an obligation to advise Firstenberger of information material to the proper valuation of the stock being sold by Firstenberger to Panther – namely, the sale of Regs Technology to Fyllo for $10 million in cash and stock.

159.    Regs Technology acted in a manner that, although not expressly forbidden by any contractual provision, acted to deprive Firstenberger of the right to receive the benefits of the Stock Purchase Agreement by denying Firstenberger fair market value for his stock.

160.    The implied promise not to deny Firstenberger material information pertaining to the fair market value of the stock being sold is not contrary to any express provision of the Stock Purchase Agreement.

161.    The failure of Regs Technology to disclose this information to Firstenberger constitutes a breach of the Stock Purchase Agreement.

162.    Rajavelu suffered damages as a result of the breach of contract by Regs Technology.

163.    For the reasons stated herein above, which are incorporated herein by reference, Fyllo is liable as a successor in interest for the acts and omissions of Regs Technology.

**WHEREFORE**, Plaintiff Lester Firstenberger respectfully requests that this Court enter judgement in his favor and against Caster Holdings, Inc. d/b/a Fyllo and Regs Technology, Ltd. f/k/a CannaRegs, Ltd. and award nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

**COUNT IX**
**Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law**
**Firstenberger v. Defendants**

164.    The allegations set forth in the proceeding paragraphs are incorporated by reference as though fully set forth herein.

165.    This Count is brought under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTCPL").

166.    The sale of securities is within the UTCPL as that statute applies to "any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth."

167.    The UTCPL provides for a private right of action to be maintained by an aggrieved party.

168.    An individual or entity that engages in deceptive conduct, which creates a likelihood of confusion or misunderstanding, is liable under the UTCPL.

169.    The UTCPL applies to Firstenberger – a Pennsylvania resident who purchased the common stock of Regs Technology while living in Pennsylvania and retained and ultimately sold his interest therein while continuing to reside in the Commonwealth.

170.    Defendants engaged in unfair and deceptive practices likely to cause confusion and prohibited by the UTCPL, as already more fully alleged in the preceding paragraphs (said allegations being incorporated herein by reference), including, but not limited to, (a) denying Firstenberger material information pertaining to the value of his securities; and (b) colluding to orchestrate a transaction designed to deny Firstenberger the fair market value thereof.

171.    Defendants' failure to disclose the sale of Regs Technology to Fyllo and the sale price in advance of Firstenberger's divestment caused an actual loss to Firstenberger.

172    Firstenberger is further entitled to treble damages pursuant to the UTCPL and requests the same herein.

173.    For the reasons stated herein above, which are incorporated herein by reference, Fyllo is liable as a successor in interest for the acts and omissions of Regs Technology.

**WHEREFORE**, Plaintiff Lester Firstenberger respectfully requests that this Court enter judgement in his favor and against Caster Holdings, Inc. d/b/a Fyllo, Regs Technology, Ltd. f/k/a

CannaRegs, Ltd. and Amanda Ostrowitz and award treble, nominal, compensatory and punitive damages, together with attorneys' fees, costs, expenses, delay damages, pre-judgment interest, post-judgment interest and such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Robert Brookman*

_____
Robert Brookman (Attorney ID No. 315153)
The Brookman Law Group LLC
1500 Market Street
12th Floor, East Tower, #1027
Philadelphia, PA 19102
Telephone: (267) 566-5598
Facsimile: (215) 569-8228
E-mail: rbrookman@brookmanlawgroup.com
*Attorney for Plaintiffs, Sathya Rajavelu and Lester*
*Firstenberger*

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs demand a trial by jury with respect to all counts.

Respectfully submitted,

*/s/ Robert Brookman*

_____
Robert Brookman (Attorney ID No. 315153)
The Brookman Law Group LLC
1500 Market Street
12th Floor, East Tower, #1027
Philadelphia, PA 19102
Telephone: (267) 566-5598
Facsimile: (215) 569-8228
E-mail: rbrookman@brookmanlawgroup.com
*Attorney for Plaintiffs, Sathya Rajavelu and Lester
Firstenberger*